# IN THE UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTINA YARBRO <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ACCOUNT RESOLUTION SERVICES, GRANT & WEBER, INC., H & R ACCOUNTS, INC., DIVERSIFIED ADJUSTMENT SERVICE, INC., ENHANCED RECPVERY CORPORATION, and ACCOUNT RECOVERY SERVICES, INC. d/b/a VALLEY CREDITORS SERVICE <br><br> Defendants. | Civil Action No. 14-0943 |

## AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Kristina Yarbro, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*., Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the California Consumer Credit Reporting Agencies Act ("CCRAA")..

## THE PARTIES

2. Plaintiff Kristina Yarbro is an adult individual residing in Palm Desert, CA.

3. Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5. Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6. Defendant Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services ("ARS") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1801 N.W. 66th Avenue, Suite 200C, Plantation, FL 33313. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

7. Defendant Grant & Weber, Inc. ("Grant & Weber") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 26575 W. Agoura Road, Calabasas, CA 91302. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

8. Defendant H & R Accounts, Inc. ("H & R") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 7017 John Deere Pkwy, Moline, IL 61265. The principal purpose of H & R is the collection of debts using the mails and telephone, and H & R regularly attempts to collect debts alleged to be due another.

9. Defendant Diversified Adjustment Service, Inc. ("Diversified") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 600 Coon Rapids Blvd., Coon Rapids, MN 55434. The principal purpose of Diversified is the collection of debts using the mails and telephone, and Diversified regularly attempts to collect debts alleged to be due another.

10. Defendant Enhanced Recovery Corporation ("Enhanced Recovery") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256. The principal purpose of Enhanced Recovery is the collection of debts using the mails and telephone, and Enhanced Recovery regularly attempts to collect debts alleged to be due another.

11. Defendant Account Recovery Services, Inc. d/b/a Valley Creditors Service ("Valley Creditors") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 79-687 Country Club Drive, Ste. 202, Bermuda Dunes, CA 92203. The principal purpose of Valley Creditors is the collection of debts using the mails and telephone, and Valley Creditors regularly attempts to collect debts alleged to be due another.

## JURISDICTION & VENUE

12. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692 k(d) and 28 U.S.C. § 1331.

13. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

14. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least September 2013 through the present.

15. The inaccurate information includes, but is not limited to, accounts with LVNV Funding, Account Resolution Services, Business Revenue Systems, Central Finance Control, Credit Collection Services, GETM, Grant & Weber Arizona, Hauge Associates, High Desert Creditors, Firstpoint Coll Resources, Inc., Medical Business Bureau, Valley Creditor Service, Syndicated Office Systems, Enhanced Recovery Corp, Diversified Adjustment, H & R Accounts, Inc., Escallate, LLC, Cactus Jacks Auto, Inc., Credit Bureau Services, La Perla Tapatia Jewelry and US Collections West, Inc. and personal information that does not belong to Plaintiff.

16. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

17. Defendants Trans Union, Equifax and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

18. Plaintiff's credit reports and file have been obtained from Defendants Trans Union, Equifax and Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

19. Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian by following Trans Union's, Equifax's and Experian's established procedures for disputing consumer credit information.

20. Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian from September 2013 through the present.

21. Notwithstanding Plaintiff's efforts, Trans Union, Equifax and Experian have sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Trans Union, Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union, Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least September 2013 through the present.

22. Despite Plaintiff's efforts, Trans Union, Equifax and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about

Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

23. Despite Plaintiff's exhaustive efforts to date, Trans Union, Equifax and Experian nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

24. Notwithstanding Plaintiff's disputes, ARS, Grant & Weber, H & R, Diversified, Enhanced Recovery and Valley Creditors have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION, EQUIFAX AND EXPERIAN
## VIOLATIONS OF THE FCRA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

30. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e and 1681i.

33. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## COUNT II – ARS, GRANT & WEBER, H & R, DIVERSIFIED, ENHANCED RECOVERY & VALLEY CREDITORS
## VIOLATIONS OF THE FCRA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto Defendants were "persons" as that term defined by 15 U.S.C. § 1681a(b).

36. Defendants violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

37. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – ARS, GRANT & WEBER, H & R, DIVERSIFIED, ENHANCED RECOVERY & VALLEY CREDITORS
## VIOLATIONS OF THE FDCPA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

41. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

42. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including the failure to communicate that a disputed debt is disputed; and

    c. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

43. Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

44. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### **COUNT IV – TRANS UNION, EQUIFAX AND EXPERIAN**
### **VIOLATION OF CCRAA**

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. Defendants are "consumer reporting agencies" as defined by Cal. Civ. Code § 1785.3(d).

47. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

48. The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

49. Pursuant to Cal. Civ. Code § 1785.31, Defendants are liable to the Plaintiff for failing to comply with the requirements imposed on a consumer reporting agency in violation of Cal. Civ. Code § 1785.14(b) and 1785.16.

50. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT V – ARS, GRANT & WEBER, H & R, DIVERSIFIED, ENHANCED RECOVERY & VALLEY CREDITORS
### VIOLATIONS OF THE CCRAA

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. Defendants are "persons" as defined by Cal. Civ. Code § 1785.4(j).

53. Defendants are "furnishers" of consumer and credit information as that term is used in Cal. Civ. Code § 1785.25(a).

54. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

55. The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

56. Pursuant to Cal. Civ. Code § 1785.31, Defendants are liable for violating the CCRAA by furnishing inaccurate information to the consumer reporting agencies that it knew, or should have known, was false, in violation of Cal. Civ. Code § 1785.25.

57. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the

full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

58. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Injunctive relief pursuant to Cal. Civ. Code § 1785.31(a);

(b) Actual damages;

(c) Statutory damages;

(d) Punitive damages;

(e) Costs and reasonable attorneys' fees; and

(f) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Gregory Gorski*
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: February 18, 2013